UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LYNETTE McNEAL, Independent Administrator
of ESTATE OF SHERRON CLEVELAND,
deceased,

        Plaintiff,

v.                                      Case No. 1:07-cv-743

STATE FARM MUTUAL AUTOMOBILE
INSURANCE and STEVE A. GALVAN,        HON. GORDON J. QUIST

        Defendant.

_____/

**OPINION AND ORDER**

       The Court has before it Defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Defendants originally filed this motion as a motion to remand, but remand is not proper since the case was filed as an original action in this Court. Because Defendants argued in their motion to remand that the Court lacked jurisdiction, the Court converted the motion into a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and ordered additional briefing. Because this suit does not contain a federal question nor diversity of the parties, the Court will grant Defendant's motion and dismiss the case.

       Plaintiff, Lynette McNeal, is the administrator of the estate of Sherron Cleveland. Plaintiff sued Defendants, Steve Galvan and State Farm Mutual Automobile Insurance ("State Farm"), seeking damages resulting from an automobile accident between Cleveland and Galvan. Plaintiff alleged that on December 3, 2006, Cleveland was driving in a funeral procession in Cook County,

Illinois.  Galvan struck Cleveland's car in the rear, eventually resulting in Cleveland's death. Plaintiff seeks damages from Galvan and Cleveland's insurer, State Farm, under her uninsured motorist coverage.  Galvan and Cleveland are both Illinois residents.  (Compl. ¶ 2; Resp. to Proposed Order Att. 1.)   State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois.  (Mot. to Remand ¶ 4.)

Since Plaintiff does not allege a federal question, the only potential basis for the Court's subject matter jurisdiction is 28 U.S.C. § 1332.  This section grants the Court diversity jurisdiction where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  28 U.S.C. § 1332 requires complete diversity between all the plaintiffs and all of the defendants.  *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 17 (1941).  Thus, the fact that both Cleveland and Galvan are Illinois residents destroys diversity jurisdiction.  Additionally, Plaintiff is unable to establish diversity with respect to State Farm either because State Farm is considered a citizen of Illinois.  A corporation can be a citizen of two states: "(1) its state of incorporation; and (2) the state of its principal place of business."  *Gafford v. General Elec. Co.*, 997 F.2d 150, 161 (6th Cir. 1993).  For both inquiries, State Farm is a citizen of Illinois.   State Farm is incorporated in Illinois and has its principal place of business in Illinois.  Therefore, Plaintiff is unable to establish diversity of citizenship with respect to either party.  Thus, the Court lacks subject matter jurisdiction to hear Plaintiff's claims.  For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motions to dismiss (docket no. 5 and 7) are **GRANTED**.

**This case is concluded.**

2

Dated:  October 12, 2007                         /s/ Gordon J. Quist
                                        GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE